FILED'10 MAR 12 14:59USDC-ORP

ROBERT L. MITCHELL (Admitted in California)
MitchellR@sec.gov
ROBERT S. LEACH (Admitted in California)
LeachR@sec.gov
Securities and Exchange Commission
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 04-CV-1352-HA |
| Plaintiff, | [~~PROPOSED~~] FINAL JUDGMENT AGAINST JAMES E. LORENZ, III |
| vs. | |
| JAMES T. LORENZ and JAMES E. LORENZ, III, | |
| Defendants. | |

The Securities and Exchange Commission has filed its Complaint and Defendant James E. Lorenz, III ("Lorenz") has entered a general appearance. In addition, Lorenz has filed the Consent of James E. Lorenz, III to Final Judgment ("Consent"), in which Lorenz consents to the Court's jurisdiction over him and the subject matter of this action; consents to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waives findings of fact and conclusions of law; and waives any right to appeal from this Final Judgment. On this basis:

1                    [PROPOSED] FINAL JUDGMENT
                     AGAINST JAMES E. LORENZ, III

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees, those with powers of attorney on Lorenz's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. §240.13b2-2] by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §

3

[PROPOSED] FINAL JUDGMENT
AGAINST JAMES E. LORENZ, III

78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, and 240.13a-13] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Exchange Act Rule 13a-13 [17 C.F.R. § 240.13a-13], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Rule 12b-20 of the Exchange Act[17 C.F.R. § 240.12b-20].

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained

from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lorenz and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    A.    transactions are executed in accordance with management's general or specific authorization;

    B.    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    C.    access to assets is permitted only in accordance with management's general or specific authorization; and

    D.    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Lorenz is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lorenz shall pay a civil penalty in the amount of $30,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Lorenz as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall also mail a copy of this letter to the attention of Robert L. Mitchell, Securities and Exchange Commission, San Francisco Regional Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Lorenz shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

///
///
///

7

[PROPOSED] FINAL JUDGMENT
AGAINST JAMES E. LORENZ, III

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 12, 2010

United States District Judge

PRESENTED BY:

Robert L. Mitchell
Attorney for Plaintiff

SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

Ronald H. Hoevet
Hoevet Boise & Olson, P.C.
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
Telephone: (503) 228-0497

Attorney for Defendant
JAMES E. LORENZ, III